# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1835
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| Kenneth Leon Wilcox, | * |
| | * |
| Appellant. | * |

_____

Submitted: December 12, 2011
Filed: January 27, 2012
_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

  Kenneth Leon Wilcox pled guilty to one count of transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). The district court[1] sentenced him to 480 months imprisonment. Wilcox appeals his sentence, arguing that it is substantively unreasonable. We affirm.

---

  [1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

I.

In 2005, Kenneth Wilcox began sexually abusing his 12-year-old daughter on a weekly basis. The abuse continued for approximately four years. During this time, Wilcox recorded the sexual abuse in at least five different videotapes, which depicted the victim using various sex toys on herself, Wilcox receiving oral sex from the victim, and Wilcox engaging in vaginal sex with the victim. During the execution of search warrants at Wilcox's residence and a semi-trailer used by Wilcox for storage, law enforcement officers also recovered many topless images of the victim, along with multiple images of child pornography containing identified minor victims. Wilcox was an over-the-road trucker, and he took advantage of the fact that the victim was isolated with him on interstate trucking runs; much of the abuse and the production of the child pornography occurred while Wilcox and the victim were traveling together. The sexual abuse only came to an end in December of 2009, after the victim informed a friend's mother and brought her one of the videos.

In addition to the sexual abuse and the production of the videos, Wilcox had the victim sign "contracts" detailing the sex acts she would be required to perform in the future. These contracts instructed the victim to dress in a certain manner, required the victim to be submissive to Wilcox, and discussed sexual acts the victim would be forced to perform as punishment for "breach" of any of the contract terms. Several of the contracts discussed payment for nude pictures of the victim's friends, the formation of a "sex house" with the victim, and a promise to allow Wilcox to teach any potential future daughters of the victim about sex.

On June 15, 2010, a federal grand jury returned a ten-count Indictment charging Wilcox with five counts of interstate transportation of a minor with intent to engage in criminal sexual activity and five counts of production of child pornography. On October 14, 2010, Wilcox pled guilty to one count of interstate transportation of a minor with intent to engage in criminal sexual activity and one

count of production of child pornography. In the plea agreement, Wilcox admitted that he committed the acts charged in the other eight counts of the Indictment and acknowledged that these acts constituted relevant conduct for the purposes of calculating his Sentencing Guidelines range. Both parties agreed that Wilcox's offense level was 48, which exceeds the highest level of the Guidelines. Wilcox was therefore treated as though he possessed an offense level of 43, which is the maximum offense level contained in the Sentencing Table and carries an advisory sentence of life imprisonment.

Prior to sentencing, Wilcox requested a downward variance to 240 months imprisonment pursuant to the factors of 18 U.S.C. § 3553(a). In a written sentencing memorandum, Wilcox argued that the variance was appropriate because he was a first-time sex offender, had no significant criminal history, and had demonstrated commitment to rehabilitation by seeking treatment in jail. Wilcox further claimed that he experienced sexual abuse as a minor, presented a low risk of recidivism, and felt genuine remorse over his actions. Finally, Wilcox argued that the Sentencing Guidelines for production of child pornography lacked an empirical basis and did not effectively reflect the goals of sentencing. In response, the Government argued that the nature and circumstances of the offense were particularly heinous, that Wilcox's remorse and commitment to treatment developed only after his arrest, that the "sex contracts" expressing Wilcox's intent to teach the victim's daughters about sex demonstrated a desire to reoffend, and that a sentence of life imprisonment would be consistent with sentences imposed in similar cases.

At the sentencing hearing, Wilcox again argued for a downward variance to 20 years, citing the arguments from his written sentencing memorandum. Wilcox expressed his desire to apologize to the victim and stated that he was participating in a self-help program. The Government restated its position that a sentence of life imprisonment would be sufficient to comply with the purposes of sentencing. After confirming that the appropriate Guidelines sentence was life imprisonment, the court

decided to vary downward, but not to the extent requested by Wilcox. Ultimately, the court sentenced Wilcox to 480 months imprisonment on Count 1 and 360 months imprisonment on Count 2, to be served concurrently and followed by a lifetime of supervised release.

II.

On appeal, Wilcox challenges his sentence of 480 months imprisonment as substantively unreasonable.

"We review the substantive reasonableness of a defendant's sentence for abuse of discretion." United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir.), cert. denied, 132 S. Ct. 533 (2011). "[A]n abuse of discretion occurs where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Bryant, 606 F.3d 912, 921 (8th Cir. 2010) (quotation marks omitted).

Wilcox argues that his sentence is unreasonable because the district court failed to give proper weight to Wilcox's lack of meaningful criminal history, his genuine remorse and efforts at rehabilitation, and his low risk of recidivism. In particular, Wilcox argues that the court abused its discretion by giving little mitigating weight to a psychological evaluation of Wilcox predicting a low likelihood of reoffense and a published study on the reduced risk of recidivism in cases of incest. Wilcox also contends that the court failed to consider the sexual abuse that he experienced as a child.

In both his written memorandum and at the sentencing hearing, Wilcox presented the arguments regarding his remorse, low risk of recidivism, minimal criminal history, and past childhood abuse. In sentencing Wilcox, the court

announced that it had reviewed the factors under 18 U.S.C. § 3553(a).[2] The district court also stated that it had considered "everything in [Wilcox's] file" and had reviewed the psychological report submitted by Wilcox. "Thus, the district court was aware of [Wilcox's] arguments, and we therefore presume that the district court considered and rejected them." United States v. Johnson, 619 F.3d 910, 922 (8th Cir. 2010).

Moreover, the sentencing transcript demonstrates that the district court was skeptical of Wilcox's claims of remorse and placed a great deal of weight on the monstrous nature of Wilcox's offense:

> The statement, sir, of you wishing that your daughter was here so you can apologize . . . rings so hollow that really the Court should not respond to it. You abused your daughter in the most despicable way possible for a lengthy period of time, isolated her. She unfortunately is just destroyed for the rest of her life. And the just punishment in this matter is for you to spend practically the rest of your life in prison.

In its statement of reasons for imposing Wilcox's sentence, the court further explained that it relied upon its viewing of the videotapes confiscated by law enforcement and the horrifyingly detailed "sex contracts" that Wilcox had the victim sign. Thus, the record reveals that the district court believed that the nature and circumstances of Wilcox's offense deserved greater consideration under section 3553(a) than any of the mitigating factors presented by Wilcox, which is a determination well within the discretion of the district court. We have held that "[t]he district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the 'wide

---

[2] These factors include the defendant's criminal history, the nature of his offense, and whether the sentence would provide just punishment, deter criminal conduct, protect the public from further crimes, and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(1) and (2).

Appellate Case: 11-1835   Page: 5   Date Filed: 01/27/2012 Entry ID: 3873748

latitude [given] to individual district court judges in weighing relevant factors.'" Wisecarver, 644 F.3d at 774 (quoting United States v. Foy, 617 F.3d 1029, 1037 (8th Cir. 2010), cert. denied, 131 S. Ct. 1512 (2011)).  "The district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal."  United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010), cert. denied, 131 S. Ct. 1550 (2011).  After all, "[t]he sentencing judge is in the best position to find facts and 'judge their import under § 3553(a) in the individual case.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  Under these circumstances, we cannot find that a below-Guidelines sentence of 480 months imprisonment is substantively unreasonable, and we therefore find no abuse of discretion.

### III.

We affirm the sentence imposed by the district court.

_____