UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


United States of America,

        Plaintiff/Respondent,

                             ORDER
v.                                Crim. No. 10-173 (MJD)

Kenneth Leon Wilcox,

        Defendant/Petitioner.

_____

      Petitioner, on his own behalf.

      Benjamin Bejar, Assistant United States Attorney, Counsel for Respondent.

_____

      This matter is before the Court upon Petitioner's Motion to Vacate, Set

Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## I.     Factual/Procedural Background

      On June 15, 2010, Petitioner was charged by Indictment with multiple

counts of transportation of a minor with intent to engage in criminal sexual

activity and production of child pornography, in violation of 18 U.S.C. §§ 2423(a)

and 2251(a), (e).  On October 14, 2010, Petitioner entered into a Plea Agreement

and pleaded guilty to counts 1 and 2 in the Indictment.  (Doc. No. 47.)

1

In the Plea Agreement, Petitioner stipulated to certain facts underlying the charges to which he entered guilty pleas, including that he transported a minor with the intent to engage in criminal sexual activity, and that he in fact had sexual intercourse with a fourteen year old female in the cab of his truck.  He further admitted that he used a Sony Handy Cam video recorder to produce a videotape of a minor female engaging in sexually explicit conduct.  At the Plea Hearing, Petitioner again admitted to such conduct while under oath.  (Plea Tr. at 19-23.)

The statutory penalty for count 1 was ten years to life, and for count 2, 15 years to 30 years.  This Court calculated the applicable sentencing guideline range to be life imprisonment.  The Court varied downward from the applicable range and sentenced Petitioner to a term of imprisonment for 480 months, which consisted of 480 months on count 1 and 360 months on count 2.

Petitioner appealed his sentence to the Eighth Circuit Court of Appeals, arguing that a sentence of 480 months was substantively unreasonable because this Court did not give proper weight to his lack of criminal history, his genuine remorse and efforts at rehabilitation and his low risk of recidivism.  In addition, Petitioner argued that the Court failed to consider the sexual abuse he

experienced as a child.  The Eighth Circuit rejected Petitioner's arguments, and affirmed his sentence.  United States v. Wilcox, 666 F.3d 1154 (8th Cir. 2012). Final judgment was entered on January 27, 2012.  Petitioner filed the instant motion on May 6, 2013.

In his § 2255 motion, Petitioner asserts he is entitled to relief on three grounds: that his convictions are based on tainted or tampered with evidence; unlawful search and seizure; and that this Court was racist and prejudiced against sexual offenders.

## II.   Statute of Limitations

A petition pursuant to 28 U.S.C. § 2255 must be filed within one year of the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

28 U.S.C. § 2255(f).

In this case, the Eighth Circuit affirmed Petitioner's sentence and entered

judgment on January 27, 2012.  That judgment became final "when the time

expire[d] for filing a petition for certiorari contesting the appellate court's"

decision.  Clay v. United States, 537 U.S. 522, 525 (2003).  The time for filing a writ

of certiorari is within 90 days after entry of judgment.  Supreme Court Rules

13(1).  As applied here, Petitioner had to have filed a writ of certiorari on or

before April 27, 2012.  Because he did not file a writ of certiorari, a petition

pursuant to 28 U.S.C. § 2255 had to have been filed on or before April 27, 2013.

The Rules Governing Section 2255 Proceedings 3(d) provides

A paper filed by an inmate confined in an institution is timely if deposited
in the institution's internal mailing system on or before the last day for
filing. If an institution has a system designed for legal mail, the inmate
must use that system to receive the benefit of this rule.  Timely filing may
be show by a declaration in compliance with 28 U.S.C. § 1746 or by a
notarized statement, either of which must set forth the date of deposit and
state that first class postage has been prepaid.

See also, Grady v. United States, 269 F.3d 913, 916-17 (8th Cir. 2001) (applying

prison mailbox rule to determine whether § 2255 motion was timely filed).

4

In his § 2255 motion, the Petitioner declared that he placed said motion in the prison mailing system on April 24, 2013.  (Doc. No. at 13.)  This declaration is in compliance with the requirements of 28 U.S.C. § 1746.  Accordingly, the motion will be deemed timely filed.

III.    **Standard**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).

Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors.  Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).  It is not intended to be a substitute for appeal or to relitigate matters decided on appeal.  See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).  Failure to raise an issue on direct appeal generally constitutes a procedural default, which prohibits the petitioner from raising the issue for the first time in a § 2255 motion.  Bousley, 523

U.S. at 621.  A procedural default will be excused only if the petitioner can demonstrate cause and actual prejudice or that he is actually innocent.  Id. at 622. See also Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010); United States v. Bailey, 235 F.3d 1069, 1072 (8th Cir. 2000).

As noted above, the only issues Petitioner raised on appeal involved his sentence.  In this proceeding, Petitioner challenges the evidence supporting his conviction as well as the perceived bias of the sentencing judgment - arguments that were not raised on appeal.  In his rebuttal brief, however, Petitioner asserts that he received ineffective assistance of counsel, and that "Petitioner does not, at this time, pursue the remaining three issues as listed in his § 2255 except as those issues may further support his claim of ineffective assistance."  (Doc. 91 at 5.) Because claims of ineffective assistance of counsel may constitute both cause and prejudice to excuse a procedural default, the Court will proceed to address the merits of his claims.  See Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999) (citation omitted).

IV.    Analysis

    A.    Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel must be scrutinized under the two-part test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Under the <u>Strickland</u> test, Petitioner must prove that 1) counsel's representation was deficient, and 2) counsel's deficient performance prejudiced Petitioner's case. <u>Cheek v. United States</u>, 858 F.2d 1330, 1336 (8th Cir. 1988) (citing <u>Strickland</u>, 466 U.S. at 687).

To satisfy the first prong of the <u>Strickland</u> test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms.  <u>Strickland</u>, 466 U.S. at 688.  The inquiry should be whether counsel's assistance was reasonable considering all of the circumstances surrounding the case.  <u>Id.</u>  Judicial scrutiny of counsel's performance should be highly deferential and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance."  <u>Id.</u> at 689.  To satisfy the second prong under the <u>Strickland</u> test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different. <u>Id.</u> at 691.  The analysis may begin with the second prong and if Petitioner fails to show actual prejudice, the Court need not consider the reasonableness of

counsel's behavior.  Id.  Here, the Court will focus on the second prong - actual

prejudice.

### 1.   Failure to Investigate

Petitioner asserts that defense counsel did not investigate this case and

advised him to admit guilt to crimes the government dismissed as set forth in the

plea agreement.  Petitioner believes he did not fare any better by entering into a

Plea Agreement, than he would have had he gone to trial on all counts.

At his Plea Hearing, Petitioner was questioned at length as to the terms of

the Plea Agreement, and whether he understood those terms.  He was also

advised of his constitutional rights, and what rights he was giving up by entering

a guilty plea in this case.  Petitioner further informed the Court that he had

enough time to discuss the Plea Agreement with his attorney, and that his

attorney fully and completely explained his rights.  (Tr. at 17.)  Petitioner

confirmed that he discussed strategy with his attorney, the evidence against him

and also any defenses he could assert at trial.  (Id.)  He further stated that he

understood that he had a right to trial, and by entering into a Plea Agreement,

"I'm forfeiting the right to the speedy trial and I'm placing myself into your

hands as to my sentencing."  (Id. at 18.)

In addition, Petitioner acknowledged that although he was not pleading guilty to counts 3-10, the conduct underlying those counts would be considered relevant conduct, and that he admitted such conduct.  (Id. at 21.)

The Petitioner's statements at his Plea hearing "carry a strong presumption of verity." Pennington v. Housewright, 666 F.2d 329, 331 (8th Cir. 1981) (quoting Blackledge v. Allison, 431 U.S. 63, 73 (1977)).  Petitioner has failed to put forth sufficient evidence by which to overcome this presumption.  In addition, Petitioner has not demonstrated how the result of this proceeding would have been different if counsel had done additional investigation, or if Petitioner had gone to trial.

### 2.    Claim that Evidence Supporting Conviction was Tainted or Tampered With

Petitioner does not provide any detailed information in support of this claim.  He asserts only that "the person openly admitted that they so called hooked it up and viewed the evidence." (Doc. No. 81 at 4.)  Because Petitioner has provided insufficient allegations to support this claim, he has failed to demonstrate that he is entitled to relief under this ground.

### 3.      Unlawful Search and Seizure

Petitioner asserts that during a state search warrant, evidence was removed from a storage trailer, his house and truck, and other evidence was also removed but not listed as being removed.  He did not elaborate on what evidence was illegally seized.  As a result, he has failed to provide sufficient facts to support a claim for relief.

### 4.      Bias of the Sentencing Court

Petitioner claims that the sentencing court was racist and had a prejudice against individuals convicted of a sex crime based on comments made at the sentencing hearing.  Petitioner asserts that the court should not "hang a person out to dry in a personal mission to smash or hang all so called sex offenders out to dry."  (Doc. No. 81 at 7.)  Petitioner asserts his sentence was unreasonably longer than needed.  (Id.)

On appeal, the Petitioner argued that his sentence was substantively unreasonable.  In affirming the sentence, the Eighth Circuit noted that it reviewed the record, as well as the statements of the district court at sentencing.  The Eighth Circuit determined that the "transcript demonstrates that the district court was skeptical of Wilcox's claims of remorse and placed a great deal of weight on

the monstrous nature of Wilcox's offense." <u>Wilcox</u>, 666 F.3d at 1157.   The Eighth

Circuit further noted that the district court had reviewed the videotapes

confiscated by law enforcement and the horrifyingly detailed sex contracts that

he made the victim sign.  "Thus, the record reveals that the district court believed

that the nature and circumstances of Wilcox's offense deserved greater

consideration under section 3553(a) than any of the mitigating factors presented

by Wilcox, which is a determination well within the discretion of the district

court." <u>Id.</u>

It is thus apparent that this Court based its sentencing decision on the

particular facts of this case, and not on a general prejudice against sex offenders.

Accordingly, this claim has no merit.

## V.   Certificate of Appealability

An applicant for a writ of habeas corpus may not take an appeal unless a

judge issues a certificate of appealability under 28 U.S.C. § 2253(c); <u>see</u> <u>also</u> Fed.

R. App. P. 22.  In order for a certificate of appealability to issue, an applicant

must make a "substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).  "A substantial showing is a showing that issues are debatable

among reasonable jurists, a court could resolve the issues differently, or the

issues deserve further proceedings." <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997). Based on the files, records, and proceedings herein, the Court finds no basis upon which to grant Petitioner a certificate of appealability.

**IT IS HEREBY ORDERED** that the Petition to Vacate, Correct or Set Aside Sentence [Doc. No. 81] is **DENIED**.  The Court denies a certificate of appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date:    December 19, 2013

<u>s/ Michael J. Davis                         </u>
Michael J. Davis
Chief Judge
United States District Court