UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Kenneth Leon Wilcox,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 10-173 (01) (MJD)

_____

    Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Plaintiff.

    Glenn P. Bruder, Counsel for Defendant.

_____

This matter is before the Court on Defendant's Motions for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. Nos. 101 and 108]

**I.     Background**

On October 14, 2010, Defendant pleaded guilty to Counts 1 and 2 of the Indictment which charged Transportation of a Minor with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a) and Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e).  On April 5, 2011, this Court sentenced Defendant to a term of imprisonment of 480 months, followed by a life-time term of supervised release.

1

He is scheduled to be released on January 14, 2044.

## II.   Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13.  This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant submitted a request for compassionate release to the warden on August 6, 2020.  (Doc. No. 109, Ex. 2.)  The request was denied on January 21, 2021.  (Id. Ex. 3.)  As Defendant has demonstrated that he has exhausted his

administrative remedies, the Court will proceed to address the merits of his motion.

### III. Discussion

Defendant's motion is based on his concerns arising from the spread of COVID-19, and that his medical conditions expose him to a particularized susceptibility to COVID-19. Defendant's medical conditions include chronic obstructive pulmonary disease ("COPD"), asthma, Vitamin D deficiency, allergic rhinitis, lower back pain and obesity. Three of these conditions – COPD, asthma and obesity – create critical COVID-19 risk factors. Defendant's medical records indicate, however, that he received the first dose of the Pfizer vaccine on March 4, 2021, and he most likely has been given the second dose as of the date of this Order. (Doc. No. 113 at 28.)  The CDC reports that "[a]ll COVID-19 vaccines currently available in the United States have been shown to be highly effective at preventing COVID-19." www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. (last accessed March 26, 2021).

Based on the record before it, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions that warrants relief. The Court also finds that the record demonstrates that

Defendant is receiving appropriate medical attention for all his stated medical conditions.  (See Doc. No. 113.)

Further, the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them.  See www.bop.gov/coronavirus/index.jsp.  At this time, the facility at which Defendant is housed, Marion USP, reports there are seven active cases involving a prisoner, six involving staff, two prisoner deaths, 775 prisoners have recovered and 55 staff have recovered.  Id.

More importantly, the Court finds that a sentence reduction in this case is not warranted as Defendant poses a danger to the community.  Defendant has been diagnosed with pedophilic disorder.  (Doc. No. 113 at 14.)  His criminal conduct involved the repeated sexual assault of his daughter, that began when she was eleven years old and continued for years.  Defendant also recorded some of the sexual abuse on video and forced his daughter to sign "sex contracts" that would require her to perform certain sexual acts and provide him pictures of other girls.  Further, law enforcement recovered a large amount of pornography,

including child pornography, during the execution of a search warrant on his residence and semi-trailer.

The victim in this case responded to Defendant's motion. She urges the Court to deny Defendant early release. In her statement, she describes the horrible abuse she endured from her father, and that for a long time, she could not find anyone to believe her or provide her help. After Defendant's arrest, she spent time in a behavioral hospital, and was placed in the foster care system. She reports that she still struggles despite years of therapy. She believes he is a danger to the community because he has never accepted responsibility for his actions and blames her for his conviction.

The Court also finds that a sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a). Defendant has served only 11 years of his 40-year sentence. A sentence reduction in this case would not reflect the seriousness of the offenses of conviction, afford adequate deterrence to criminal conduct, promote respect for the law or provide a just punishment.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motions For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. Nos. 101 and 108] are **DENIED**.

Date: March 29, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court
